48  87
35a 627

## THE HAHNEMANNIAN LIFE INSURANCE COMPANY

*v.*

## GEORGE D. BEEBE.

1. LIBEL—*action therefor by a corporation.* A domestic corporation may maintain an action for libel; but *quære,* whether the comity by which a foreign corporation is permitted to bring suit in our courts upon its contracts, should be so far extended as to permit a suit for libel.

2. SAME—*what constitutes a libel upon a corporation.* If an insurance company has procured a charter which authorizes it to pay an interest of thirty per cent. per annum to its stockholders, before laying by a fund for the security of its policy holders, a publication cannot be held libellous, merely because it assumes that the company will do, for the profit of its stockholders, that which it has obtained an express power to do, and because it argues that a company, organized under such a charter, must necessarily be unworthy of public confidence.

3. A free criticism of the charter of an insurance company, or of any other corporation which claims the confidence of the public, and seeks the possession of its funds, is to be encouraged rather than repressed, as a means of public security; and it would be against public policy to treat as libellous an article which merely assumes that an insurance corporation proposes to do for its own

advantage, or that of its stockholders, whatever its charter may expressly authorize it to do.

4.  If, however, the charter contains no authority to do that which is made the subject of criticism, and the company does not propose to do its business in the method which is objected to, the publication may be libellous.

5.  PLEADING—*of the declaration in an action for libel.*  In an action by a foreign corporation, for an alleged libel, on demurrer to the declaration, it was *held*, that the charter of the plaintiff should be set out at length, in order that it might be seen whether the publication was false in stating the mode in which it authorized the business of the company to be done, and which was the subject of the criticism which constituted the alleged libel.

6.  Nor could the charter be treated as properly pleaded, when only brought before the court as a part of the alleged libellous publication.

7.  Neither would the usual formula, to the effect that the defendant falsely and maliciously wrote, published, &c., be sufficient in a case of this character; it is sufficient in an action by a natural person, for words actionable in themselves, because the law presumes such person to be of good credit and character until the contrary is made to appear.  But it can not be presumed that the legislature of a foreign State has not granted an unwise charter to a corporation.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Messrs. TYLER & HIBBARD, for the plaintiffs in error.

Messrs. GOODRICH, FARWELL & SMITH, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for libel, brought by an insurance company incorporated under the laws of the State of Ohio.  A demurrer to the declaration was sustained in the Superior Court, and that ruling is now assigned for error.

It has been held, both in England and in this country, that a domestic corporation may maintain an action for libel. Whether a foreign corporation may do so, is a question which

we do not find to have been decided. It is only by comity that we permit a foreign corporation to bring suit in our courts upon its contracts, and it is not necessary to decide, in the present case, whether the comity should be so far extended as to permit a suit for libel, as we are of opinion that, even conceding the power to sue, the demurrer to the present declaration was properly sustained.

There are three counts in the declaration, but the alleged libel is charged substantially in the same way in each, the difference being in the degree of fullness in which the publication is set out in the different counts. In the second it is given at length, and *in hæc verba.* It is a card published by defendant, who, it appears, was formerly the agent of the plaintiffs, in which he states the company proposes to pay over thirty per cent. interest to the stockholders before providing for its liabilities, and expresses the opinion that it is unworthy of confidence. This is, we understand, the offending portion of the publication.

It would be clearly against public policy to treat as libellous an article which merely assumes that an insurance corporation proposes to do for its own advantage, or that of its stockholders, whatever its charter may expressly authorize it to do. If a charter is obtained by any association which seeks to secure, for its own emolument, the control of the money of individuals, it is proper to call the attention of the public to its provisions, and to take it for granted that the incorporation proposes to avail itself of whatever privileges, in dealing with the public, it has induced the legislature to bestow. A free criticism of the charter of an insurance company, or of any other incorporation which claims the confidence of the public, and seeks the possession of its funds, is to be encouraged rather than repressed, as a means of public security, and if an insurance company has procured a charter which authorizes it to pay an interest of thirty per cent. per annum to its stockholders, before laying by a fund for the security of its policy holders, we

12—48TH ILL.

certainly can not hold a publication libellous, merely because it assumes that the company will do, for the profit of its stockholders, that which it has obtained an express power to do; and because it argues that a company, organized under such a charter, must necessarily be unworthy of public confidence.

This brings us to the precise question upon this record, namely, does the charter of this company authorize it to do what the publication says it proposes to do. If it does, the publication cannot possibly be considered libellous. It would be merely a just criticism upon an objectionable charter, and a proper caution to the public against trusting its money to a corporation which had obtained a legislative right so to use that money as necessarily to make the public insecure. If the charter contains no such authority, and the company does not propose to do its business in this method, the publication may be libellous. Herein consists the fatal defect in this declaration. It nowhere purports to set out the charter, either in substance or *in hæc verba*. True, the card or publication, which is set forth at length in the declaration, purports to give the charter, in order to show the justice of the criticism made upon it, but it is evidently only partially given, and even if given in full, we could not treat it as properly pleaded when only brought before us as a part of the alleged libellous publication. The plaintiff should have set out the charter at length, that the court might determine whether the publication was false in stating the mode in which it authorized the business of the company to be done.

The declaration, it is true, has the usual formula, to the effect that the defendant falsely and maliciously wrote, published, &c., but in a case of this character, this is not sufficient.

It is sufficient in an action by a natural person for words actionable in themselves, because the law presumes such person to be of good credit and character until the contrary is made to appear. But we cannot presume that the legislature of the State of Ohio has not granted a very unwise insurance

charter. We can not presume that that legislature has not authorized this company to do the very thing which the defendant charges it with proposing to do, and thereby jeopardizing the interests of the policy holders. It is not a case for presumptions. The plaintiff should have set forth its charter, and thereby enabled us to see that the defendant, in the alleged libel, falsely stated its provisions, and the plan upon which the company proposed to do its business. The defendant has not charged the plaintiff with a violation of its charter, but only that the charter itself is radically unsound, and the plaintiff has neither directly traversed the truth of these charges, nor set forth the charter by which we could have determined whether they were true or false. We hold the demurrer to have been properly sustained.

*Judgment affirmed.*