## WALKER *v.* TRIBUNE Co.

*(Circuit Court, N. D. Illinois.* February 14, 1887.)

1. LIBEL AND SLANDER—WHAT ACTIONABLE—"CRANK."

   The word "crank" has no necessary defamatory meaning; and for a newspaper to publish an item that a certain pamphlet. written by a lawyer who was also the author of a text-book on the law of patents, was "the effusion of a crank," is not actionable without a charge in the declaration of the alleged defamatory meaning of the word by an appropriate innuendo, and an averment and proof of special damage.

2. SAME—PLEADING—INNUENDO—DEMURRER.

   A charge in the declaration that the purpose of the publication in applying the term "crank" to the plaintiff was "to impute to him sundry qualities, aims, and methods highly inconsistent with usefulness as a lawyer, or as an author," is not an appropriate averment or innuendo that the word was used in a defamatory sense, and the declaration is bad on demurrer.

3. SAME—SPECIAL DAMAGE.

   The mere statement in the declaration that the plaintiff, by reason of being thus called a "crank," had been deprived of divers great earnings in his profession, and had lost royalties on the sales of his book, is too vague and indefinite to serve as an averment of special damage, and the declaration is bad on general demurrer.

4. SAME—JUSTIFICATION.

   Whether or not the character of a pamphlet alleged by the defendant to be the "effusion of a crank" warranted the application of that term to the plaintiff, is a matter of justification to be pleaded and proved by the defendant, and the declaration is not demurrable for failing to set the pamphlet out.

At Law. Action to recover damages for a libel.

*A. H. Walker,* for himself.

*A. S. Trude,* for defendant.

BLODGETT, J. This is a demurrer to a declaration filed by the plaintiff in this case. The declaration avers, in substance, that plaintiff is, and has been for several years past, a lawyer by profession, and the author of a text-book upon the law of patents, and also the author of a pamphlet entitled "The Paine Bribery Case and the United States Senate;" that defendant, intending to cause it to be suspected and believed that plaintiff was a man of crude, ill digested, ill considered, and wild ideas and aims, and to be supposed to be without skill, tact, adequate information, or common sense, on the fourth day of September, 1886, in this district, did wrongfully, falsely, and maliciously cause to be composed, printed, and published, on the editorial page of the Chicago Tribune of

that date, the following false and defamatory language concerning the plaintiff, and concerning said pamphlet; that is to say: "The pamphlet on the Paine Bribery Case and the United States Senate, by Albert H. Walker, is plainly the effusion of a crank;"—meaning thereby to publicly characterize the plaintiff as a "crank," and thus to publicly impute to him sundry qualities, aims, and methods highly inconsistent with usefulness and success as a lawyer and author, whereby plaintiff has been greatly prejudiced in his credit and reputation, and caused to be considered an unreliable and injudicious person, and destitute of those qualities on which the earnings of a lawyer or a serious author depend; and has been greatly vexed and mortified, and has been deprived of divers great earnings which would otherwise have accrued to him in his professional duties, and divers great royalties which otherwise would have been paid to him on sales of his books.

The demurrer is general and special, the grounds of the general demurrer being (1) that the word "crank" is not in itself defamatory or actionable, and there is no averment or innuendo in the declaration stating that the defendant's meaning, or the sense in which the word was used, was such as to make it defamatory, or imply any libelous intention; (2) that the pamphlet referred to in the defendant's criticism as "plainly the effusion of a crank" should have been set out, so that the court could judge whether the language used by the defendant in regard to it was justified from the tenor of the pamphlet itself.

The ground for special demurrer is that there is no averment of special damage or injury to the plaintiff by reason of the alleged defamatory matter.

In regard to the first point stated, it must, I think, be conceded that to call a person a "crank" is not of itself actionable. It is not a word which, by its common meaning in the English language, imports that a person has been guilty of a crime, or exposes him to hatred, contempt, ridicule, or obloquy, or which would tend to injure him in his trade or profession. The word has no necessary defamatory meaning, and, if it was used by the defendant in a defamatory sense, such sense must be given it by an appropriate allegation or innuendo to that effect. The meaning alleged in the declaration is "thus to publicly impute to him [plaintiff] sundry qualities, aims, and methods highly inconsistent with usefulness as a lawyer or as an author." This is not enough. Some opprobrious or defamatory meaning—something which would show that the expression used would tend to bring the plaintiff into contempt or hatred, or charge him with a criminal offense—is necessary. It is no libel upon a man who has entered the field of authorship to underrate his talents.

As to the second point, it was not necessary for the plaintiff to set out his pamphlet as part of the declaration. If defendant wishes to justify the application of the epithet or word "crank" to the plaintiff, in connection with this pamphlet, it can so plead, and put the pamphlet in evidence before the jury.

The special cause of demurrer assigned, that there was no averment of special damage to the plaintiff, need not, as it seems to me, have been

specially stated, as I think the law is well settled that, when the alleged libelous words are not in themselves actionable, the plaintiff must not only charge the defamatory meaning by an appropriate innuendo, but he must also aver and prove special damage, and a failure to do so may be taken advantage of by general demurrer.

In *Pollard* v. *Lyon*, 91 U. S. 225, it is said:

"Where the words are not in themselves actionable, because the offense imputed involves neither moral turpitude nor subjects the offender to an infamous punishment, special damage must be alleged and proved in order to maintain the action. * * * In such case it is necessary that the declaration should set forth precisely *in what way* the special damage resulted from the speaking of the words. It is not sufficient to allege, generally, that the plaintiff has suffered *special damages*, or that the party has been put to great costs and expenses. * * * By special damage, in such a case, is meant pecuniary loss."

Here the plaintiff merely states that, by reason of this alleged libelous publication, he has been deprived of divers great earnings in his profession, and lost royalties on the sales of his books. This is not sufficient. He should have stated who, if any one, had refused to employ him as a lawyer, and who has refused to buy his books, so specifically that defendant may know what proof it will have to meet at the trial on the question of damages.

It is urged in a brief filed by plaintiff that, since the assassination of President Garfield by Guiteau, the word "crank" has obtained a definite meaning in this country, and is understood to mean a crack-brained and murderously inclined person, and is so used by the public press. I do not think so short a term of use would give to such a word a libelous sense or meaning without an allegation or innuendo as to the sense in which it was used by the defendant. In Ogilvie's Imperial Dictionary, published in England in 1883, and republished in this country in 1885, the word is found in the supplement with the following definition: "'Crank.' Some strange action, caused by a twist of judgment; a caprice; a whim; a crotchet; a vagary. Violent of temper; subject to sudden cranks. Carlyle." So that by this authority, which, I think, must be deemed the latest, and probably the best, the word would seem to have no necessarily defamatory sense. It would not necessarily imply that a man had been guilty of a crime, nor tend to subject him to ridicule or contempt, to say of him that he is capricious, or subject to vagaries or whims; and such implication or intent could only be shown by an apt averment, and proof in support of such averment.

The demurrer is sustained, and the case will be dismissed at plaintiff's cost, unless he shall amend in 20 days.