1. EXECUTORS AND ADMINISTRATORS ⬤⟿495(2)—TAXATION ⬤⟿895(7)—COMPENSATION—TRUSTEE—TRANSFER TAXES.

Where a trust company was appointed executor, and also trustee of funds left in trust for stated purposes, the company, as executor, is entitled to commissions for collecting and paying over such sums to itself as trustee, and also to commissions as trustee for receiving the trust funds; therefore, in assessing transfer taxes, the trustee's commission, as well as the executor's, should be deducted from the assets of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ⬤⟿495(2); Taxation, Dec. Dig. ⬤⟿895(7).]

2. TAXATION ⬤⟿876(1)—TRANSFER TAXES—EXEMPTIONS—"CHARITABLE OR BENEVOLENT PURPOSE."

Under Tax Law (Consol. Laws, c. 60) § 221, providing that property bequeathed to any religious, educational, charitable, missionary, benevolent, hospital, or infirmary corporation shall not be subject to taxation, moneys bequeathed to a corporation organized for the purpose of investigating the practice of vivisection and carrying on of any work for the purpose of arousing public sentiment against the evils of vivisection is subject to transfer taxes; such corporation not falling within the exemptions.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693, 1698; Dec. Dig. ⬤⟿876(1).

For other definitions, see Words and Phrases, First and Second Series, Benevolent; Charitable.]

In the matter of the estate of Alice M. Howard. From an order of the appraiser, assessing transfer taxes on the estate, the executor appeals. Order modified.

Geller, Rolston & Horan, of New York City, for executor.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for state comptroller.

FOWLER, S. This appeal from the order assessing a tax upon the estate of the decedent brings up for review the following questions: First, whether the executor and trustee is entitled to commissions in each capacity; second, whether a bequest to the Vivisection Investigation League is subject to a transfer tax.

[1] The testatrix gave to the Farmers' Loan & Trust Company the sum of $40,000, in trust to pay the income to certain life tenants mentioned in the will, and after their death to pay the corpus of the trust fund to the remaindermen. She also gave the Farmers' Loan & Trust Company in trust the sum of $60,000, to pay the income to certain beneficiaries during their respective lives, and to pay the remainder to the persons designated in her will. The Farmers' Loan & Trust Company has qualified as executor of the will, and contends that it is entitled to commissions as executor and also to commissions as trustee upon the bequests above mentioned. It is the duty of the executor to collect the assets of the estate and to make the payments directed

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the testatrix in her will. The Farmers' Loan & Trust Company, as executor of the estate, must therefore take possession of the assets of the estate and pay over to itself as trustee the amounts above mentioned. As trustee it has no title to the property until it has been paid over to it by the executor. It is therefore entitled to commissions as executor for receiving and paying out the entire assets of the estate, and it is also entitled to commissions as trustee for receiving the trust funds of $40,000 and $60,000 respectively. Layten v. Davidson, 95 N. Y. 263. The appraiser, therefore, erred in refusing to deduct the trustee's commissions from the assets of the estate.

[2] The testatrix bequeathed the sum of $5,000 to the Vivisection Investigation League. The charter of this corporation shows that it was organized for "the investigation of the practice of vivisection both upon animals and upon human beings," and "carrying on any work for the purpose of rousing public sentiment against the evils of vivisection." Section 221 of the Tax Law provides that property bequeathed to any "religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation" shall not be subject to taxation. Even assuming for the purpose of this application that investigations of the practice of vivisection may result in remedying certain of the evils alleged to be connected with that practice, or in ameliorating the conditions under which experiments are made, I do not think that a corporation engaged in making such investigations can be regarded as charitable or benevolent within the ordinary meaning of those words. I am therefore inclined to think that the Vivisection Investigation League is not embraced within the classification of exempt corporations under section 221 of the Tax Law, and that the bequest to it is not exempt from taxation. The appeal on this point is dismissed.

The order fixing tax will be reversed, and the appraiser's report remitted to him for the purpose of allowing commissions as executor and trustee on the sums of $60,000 and $40,000 bequeathed to the Farmers' Loan & Trust Company in trust. Settle order on notice.