568

In the Matter of the Estate of SUSAN R. KENDALL, Deceased.

Surrogate's Court, New York County, January 18, 1929.

*Joseph P. McCloy*, for the appellant.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. This appeal is taken by the Vivisection Investigation League from the report of the transfer tax appraiser and the order entered thereon upon the following grounds: (1) That the taxing order is invalid in so far as it fixes a tax upon the transfer to the League in that the League comes within the class of corporations exempted by section 221 of article 10 of the Tax Law (as amd. by Laws of 1925, chap. 143);* (2) that the appellant is a charitable, educational, missionary and benevolent corporation within the meaning of section 221 of the Tax Law; (3) that the surrogate was without jurisdiction to make the order fixing tax in so far as it assesses a tax upon the transfer to the appellant and that the order and assessment constitute a denial of the due process guaranteed under the Constitution of the State of New York; (4) that the appraiser in making his report and the surrogate in making the taxing order, in so far as a tax is reported or assessed upon the transfer to the appellant, denied to the appellant the equal protection of the laws guaranteed under the Constitution of the State of New York and the Federal Constitution.

The decedent died on July 18, 1927. By her will she bequeathed to the Vicisection Investigation League the sum of $8,000, upon the transfer of which the taxing order has assessed a tax of $400.

---

* Since amd. by Laws of 1928, chap. 844.—[REP.

The question to be determined is whether the Vivisection Investigation League is included among the corporations to which transfers are exempt by section 221 of article 10 of the Tax Law. This section provides that the transfer of property bequeathed to any " religious, educational, library, charitable, missionary, benevolent, hospital or infirmary corporation " shall be exempt from taxation. It is conceded that the purposes of the corporation claimed to be exempt under this article must be taken from the certificate of incorporation. The certificate of incorporation of the Vivisection Investigation League declares that its objects are: " 1. The investigation of the practice of vivisection both upon animals and human beings, and 2. The carrying on of any work for the purpose of arousing public sentiment against the evils of vivisection, by means of public meetings, lectures, exhibitions, and the publication and distribution of literature, or by other proper and legal means tending to accomplish the above objects."

A preliminary objection is made by the State to the reception on this appeal of an affidavit of the treasurer of the appellant organization and certain pamphlets explaining the purposes of the appellant organization. This objection is overruled and the papers in question will be received. The affidavit is made by one familiar with the activities of the organization and is merely explanatory of its activities as carried out under the provisions of the charter. The pamphlets are a mere guide to the court.

The appeal is sustained. Although in *Matter of Howard* (94 Misc. 560) a contrary conclusion was reached, I hold that the Vivisection Investigation League is included within the broad class of corporations to which bequests are declared exempt from transfer tax under section 221 of the Tax Law. The purposes of the corporation are clearly stated in its charter. It endeavors to protect both animals and human beings from cruelty and to alleviate their sufferings. Its activities are widespread and include the giving of lectures, dissemination of literature, investigation of laboratories and hospitals where vivisection is practiced, and generally informing the public of its principles and objects. No officer, member or employee receives any pecuniary profit from the operations of the league except reasonable compensation for services. The corporation is a charitable, educational, missionary and benevolent corporation and the bequest to it by this decedent is exempt from transfer tax.

Submit order on notice modifying the taxing order accordingly.