JOHN P. COHALAN, Plaintiff, *v.* NEW YORK TRIBUNE, INC., Defendant.

Supreme Court, Special Term, New York County, May 27, 1939.

*Cohalan & Cohalan* [*Thomas F. Cohalan* and *John Van Valkenburgh* of counsel], for the plaintiff.

*Sackett, Chapman, Brown & Cross* [*E. Douglas Hamilton* of counsel], for the defendant.

Cotillo, J. This is a motion to strike out certain defenses as insufficient in law, or, in the alternative, to strike out various allegations as redundant, irrelevant and evidentiary.

The allegations of paragraphs 8 to 30, inclusive, purport to constitute a defense of fair comment to the first cause of action, while the allegations of paragraphs 39 to 44, inclusive, purport to constitute a defense of fair comment to the second cause of action.

The requirements of a defense of fair comment have been set forth in *Foley* v. *Press Publishing Co.* (226 App. Div. 535), in which Mr. Justice Proskauer, writing for the court, held that in order to acquire defeasible immunity a publication purporting to be fair comment on a subject of public interest must be (1) comment, (2) based on facts truly stated or referred to, (3) free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, save in so far as such imputations are warranted by the facts truly stated, and (4) the honest expression of the writer's real opinion.

The defenses of fair comment set up in answer to the causes of action alleged in the complaint meet the test laid down in *Foley* v. *Press Publishing Co.* (*supra*). The defenses sufficiently allege the truth of the editorials complained of in so far as they contain statements of fact as distinguished from conclusions or comment. On the basis of the facts stated in the editorials and the other facts alleged in the defenses a jury might find that the conclusions and comment contained in the editorials were within the realm of fair comment, *i. e.*, that a reasonable man might entertain such opinions on the facts found by the jury to be true. (*Foley* v. *Press Publishing Co., supra*, p. 547.)

Plaintiff contends that the editorials exceed the bounds of fair comment in that they make abusive personal attacks on plaintiff's character, private and professional, and impugn his personal and professional integrity. A reading of the editorials does not, however, bear out plaintiff's contention in this respect. The editorials do not charge plaintiff with corrupt or improper motives or attack his moral character or integrity. They merely charge him with having displayed a lack of judicial temperament and with having exhibited marked signs of prejudice against a litigant appearing before him. Furthermore, even in the case of imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, the defense of fair comment is good " in so far as such imputations are warranted by the facts truly stated."

(*Foley* v. *Press Publishing Co.*, *supra*, pp. 544, 547.)  As previously observed, the true facts as alleged in the defenses are sufficient to permit a jury to find that the charge of exhibiting an unjudicial temperament and prejudice was warranted.  A decisive answer to plaintiff's contention, even if it be assumed that the editorials may be interpreted as attacking plaintiff's personal and professional character and integrity, is to be found in the language of the Appellate Division in the *Foley* case (*supra*) at page 547: " We concur in the principle enunciated by these authorities that the publication to be justified must contain no imputations of corruption or dishonorable motive, *except in so far as they are an inference which a fair-minded man might reasonably draw from the facts truly stated and represent the honest opinion of the writer.*"  (Italics this court's.)

It is to be noted that a defense of fair comment may be held good even if the jury does not agree with the comment and considers the same to be logically unsound.  The defense of fair comment is *not* " destroyed by the circumstance that the jury may believe that the comment is logically unsound or in conflict with the opinion which the jury itself may entertain.  It suffices that a reasonable man may honestly entertain such opinion on the facts found by the jury to be true, that the writer did so entertain it and expressed it without malice."  (*Foley* v. *Press Publishing Co.*, *supra*, at p. 547.)

Nor does there appear to be any merit in plaintiff's contention that all the true facts forming the basis of the so-called fair comment must be found within the four corners of the allegedly defamatory editorials.  If plaintiff's position in this respect were correct, no editorial or book review could safely be written unless it contained a minute description of all the facts upon which the comment or criticism contained in the editorial or book review was predicated.  It is sufficient that the facts upon which the comment or criticism is based are *referred to* in the editorial, book review or article.  In *Foley* v. *Press Publishing Co.* (*supra*, at p. 545) the opinion contains a quotation that language " may be held to be comment if the fact so stated appears to be a deduction or conclusion come to by the speaker from other facts stated *or referred to* by him."  The facts relied upon in the editorials involved in the present action had become matters of public record prior to the publication of the editorials, and as such were accessible to any one who wished to examine the record.  They did not have to be specifically enumerated and described in the editorials themselves in order to confer defeasible immunity upon the defendant.

The first partial defense to each cause of action is also sufficient. In the *Foley* case (*supra*) the defendant realleged the complete defense of fair comment as a partial defense and the Appellate Division upheld this procedure, saying that (p. 549): " It is proper, therefore, for the defendant to set up this plea as a partial defense to the end that if the jury finds it unsustained as a complete defense, it may none the less find it sufficient answer to some of the libels charged."

The second partial defense to each cause of action is also sufficient, as it alleges facts which tend to mitigate punitive, if not compensatory, damages.

As to plaintiff's claim that various allegations of the answer are redundant, irrelevant and evidentiary, it need only be observed that under the rule prevailing in this department matter will not be stricken from a pleading if there is even a remote possibility that its contents may be admissible at the trial. This rule is particularly applicable where the matter is contained in defenses of the character here involved.

For the reasons indicated the motion is denied in all respects. Order signed.