**POTTS v. DIES.**
No. 8229.

United States Court of Appeals for the
District of Columbia.

Argued Dec. 1, 1942.

Decided Dec. 29, 1942.

Miss Dolores Murray, of Washington, D. C., and Mr. J. S. Potts pro hac vice by special leave of Court, for appellant.

Mr. Robert E. Lynch and Miss Anna Shapiro, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellant Potts sued appellee Dies for libel. The complaint states that appellant owns Southern Progress Publishing Company and publishes a magazine of general circulation called Southern Progress. It states that on October 22, 1940 [when the United States was not at war], in a publication called "The Trojan Horse in America," appellee used this language:

"We have examined some of the criteria by which the Communist Trojan Horse may be identified. Let us now consider the marks of the Nazi Trojan Horse.

"1. Does the organization through its leaders and literature laud the achievements of Adolf Hitler? Take, for example, an illustration from a magazine which bears the name Southern Progress. 'Adolf Hitler is the George Washington of Germany (and maybe, of all Europe),' declared this obscure paper. Ironically, the same publication announced Hitler's contribution to peace, only five months before the outbreak of the present European war, in the following language: 'The banning of jewish (sic) communist activities in Germany and other countries reduced war possibilities to the merest minimum.'" The complaint continues: "which statement is untrue, in that it imputes the magazine, Southern Progress, was and is of Nazi character." No special damage is alleged.

The District Court dismissed the complaint on appellee's motion.

■ To say as the complaint does that appellee's publication "is untrue, *in that*[1] it imputes the magazine * * * was and is of Nazi character" is to say by clear implication that it is not untrue in other respects. The complaint therefore concedes that appellee quoted the magazine correctly.[2] As appellant puts it in his brief, "the gravamen of the action is not whether the quotation from 'Southern Progress' is false but whether the characterization of the appellant as a Nazi Trojan Horse is false."

The "Nazi Trojan Horse" metaphor, like most metaphors, is not a proposition of fact. Unlike many metaphors it implies, in its context, no proposition of fact which the context does not state. In some contexts, no doubt, Nazi Trojan Horse might mean a concealed participant in an armed Nazi invasion. But appellee clearly did not mean that. To praise Hitler, appellee plainly implied, is to be a sort of Nazi Trojan Horse. It follows that this sort of Nazi Trojan Horse is nothing more nor less than one who praises Hitler. Obviously, Southern Progress did "laud the achievements of Adolf Hitler." It follows that appellee neither said nor implied anything false. No doubt "Nazi Trojan Horse" is a term of reproach. It expresses an unfavorable opinion of appellant's publication and perhaps of appellant as its publisher, because they praised Hitler, including an opinion that such praise shows Nazi sympathies. But in this context it expresses nothing more.

■ Published work is of public interest. It is well settled that fair criticism or comment on matters of public interest is not actionable in the absence of "malice," i. e., bad faith or a bad motive. This defense covers statements which are neither false[3] nor demonstrably true. In other words it covers statements of opinion, e. g. that a book is worthless, harmful to a good cause, or helpful to a bad one. Criticism of a published work usually implies criticism of its author or publisher. Though his private character is no more subject to attack than another's, the qualities which he has shown by what he has published are open to such analysis and comment as an honest and intelligent man might make.[4]

■ Appellee's language did not exceed these limits. The complaint does not charge that he used it in bad faith or with a bad motive. When "malice" is necessary to liability for defamation, the defendant is not required to allege and prove its absence; the plaintiff is required to allege[5] and prove[6] its presence. It follows that the complaint was rightly dismissed.

Affirmed.

---

[1] Italics supplied.

[2] The statement in appellant's brief that the quotations are incorrect is contradicted not only by the complaint but by the admission of appellant's counsel in open court.

[3] Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 111 A.L.R. 393.

[4] Am.Law Inst., Restatement of the Law of Torts, §§ 606, 609.

[5] Fletcher v. Evening Star Newspaper Co., 72 App.D.C. 303, 306, 114 F.2d 582. Cf. Glass v. Ickes, 73 App.D.C. 3, 117 F.2d 273, 276, 132 A.L.R. 1328.

[6] White v. Nicholls, 44 U.S. 266, 3 How. 266, 291, 11 L.Ed. 591; Brice v. Curtis, 38 App.D.C. 304; Ashford v. Evening Star Newspaper Co., 41 App. D.C. 395, 405; National Disabled Soldiers' League v. Haan, 55 App.D.C. 243, 248, 4 F.2d 436.