P. Harrison FISHER, t/a Fisher Galleries, Appellant,

v.

The WASHINGTON POST COMPANY, a corporation, and Leslie Judd Ahlander, Appellees.

No. 3697.

District of Columbia Court of Appeals.

Argued May 10, 1965.

Decided July 21, 1965.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander, Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

William R. Glendon, Washington, D. C., with whom Roger A. Clark, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant is the owner of a local art gallery. In the spring of 1963 he planned an exhibition of paintings by the artist Irving Amen and he sent a letter to appellee Ahlander, art critic for appellee Washington Post, asking her to review the show. Subsequently, on May 19, 1963, the following paragraph appeared in Mrs. Ahlander's column:

> "The Fisher Galleries are showing about 20 oils by the noted printmaker, Irving Amen. The paintings are warm in color and expressionist in tendency, but lack the distinction of the prints. They are so badly hung among many commercial paintings that what quality they might have is completely destroyed. The Fisher Galleries should decide whether they are a fine arts gallery or a commercial outlet for genuine 'hand-painted' pictures. The two do not mix."

Claiming that this article was defamatory, malicious, and injurious to his business reputation, appellant instituted a libel action in which he sought $10,000 damages. After three days of hearing evidence on appellant's case, the court granted appellees' motion for a directed verdict, finding that the article in question came within the doctrine of fair comment and that there was insufficient evidence of malice to go to the jury. This appeal followed.

Fair comment or criticism on a matter of public interest is not actionable so long as the comment is not motivated by malice.[1] The social values inherent in a free interchange of opinion far outweigh the injury which such discussion might cause to a person in the public eye. So long as the comment is the speaker's actual opinion, based on fact, about a matter of public interest, the words are protected unless they are grounded in malice or go beyond a discussion of the public works or acts of the subject of the opinion.[2] Thus, critical comments about works of literature,[3] musical performances,[4] practices of art experts,[5] vivisectionists,[6] and even store owners[7] have been found to be within the fair comment doctrine. So, too, are comments about the manner in which an art gallery presents its paintings, for the public is as much interested in the display as in the paintings themselves. Just as the music or drama critic may comment on the concert hall's acoustics or the play's sets, the art critic may comment on the paintings' surroundings. Moreover, appellant himself actively sought out the review of his show.

As the court said in Brewer v. Hearst Pub. Co., supra n. 2, "In doing so, he invited criticism and free expression by others of their opinion of his conduct and cause. He should not be heard to complain if the criticism so invited is not gentle."[8]

Appellant asserts that it was error for the trial court to apply the fair comment doctrine because the libel went to the conduct of his trade and business. Fair comment is a complete defense to a suit for libel and the words are not made actionable by the fact that the complaining party is injured in his business reputation.[9] It follows that critical comments may have adverse financial effects upon artists or their exhibitors, but to allow suit on the basis of such injury would be to emasculate the fair comment doctrine completely.

The fair comment defense goes only to opinions expressed by the writer and does not extend to misstatements of fact.[10] Appellant contends that Mrs. Ahlander's statements that the pictures were "badly hung" and that there were "many commercial paintings" in the gallery were misdescriptions of fact and that the article was thus not within the fair comment doctrine. Whether pictures are badly hung at an exhibit and whether a painting is "commercial" in quality are clearly matters for critical opinion. Indeed, appellant himself conceded in his brief and at trial that opinions could differ on such matters. Such statements are "neither false nor demonstrably true"[11] and are protected by the doc-

1. Potts v. Dies, 77 U.S.App.D.C. 92, 132 F.2d 734 (1942).

2. Brewer v. Hearst Pub. Co., 185 F.2d 846 (7th Cir. 1950).

3. Sullivan v. Meyer, 78 U.S.App.D.C. 367, 141 F.2d 21 (1944).

4. Cherry v. Des Moines Leader, 114 Iowa 298, 86 N.W. 323 (1901).

5. Porcella v. Time, Inc., 300 F.2d 162 (7th Cir. 1962).

6. Brewer v. Hearst, supra n. 2.

7. Afro-American Publishing Company, Inc. v. Jeffe, D.C.Cir. (No. 18363, May 27, 1965).

8. 185 F.2d at 850.

9. Porcella v. Time, Inc., supra n. 5.

10. Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393 (1936).

11. Potts v. Dies, supra, 77 U.S.App.D.C. at 93, 132 F.2d at 735.

trine of fair comment so long as they have a factual basis.

Appellant next contends that in order for opinion to be protected by the fair comment doctrine, the facts upon which it is based must be stated or referred to so that the reader might draw his own conclusions. While this is the rule of some authorities,[12] others have stated that the criticism is not actionable if it is based on facts otherwise known or available to the public.[13] This is the view adopted by the Restatement of Torts § 606:

> "* * * To be privileged comment under the rule stated in this Section, therefore, the facts upon which the opinion is based must be stated or they *must be known or readily available* to the persons to whom the comment or criticism is addressed, as in the case of a newspaper criticism of a play or a review of a book. * * *" (Emphasis supplied.)

And it appears to be the rule applied in at least one case in this jurisdiction. In Sullivan v. Meyer, supra n. 3, a news story stated that plaintiff was "the author of a defeatist, anti-Jewish book." At the trial for libel the entire 195-page book was read to the jury, although, of course, it was not contained in the article itself. The United States Court of Appeals affirmed the jury verdict that there was no defamation because the charges were true, but it further stated that the trial court incorrectly ruled the issue of fair comment out of the case and could have directed a verdict for the defendant after having read the book. Thus the court indicated that opinion could be fair comment even if the facts upon which it is based are not included along with the opinion.

We believe that this is the better view, for criticism in the art world may be based on such intangibles as experience, taste, and feeling. It is often impossible for the critic to explain the basis for his opinion; to require him to do so would tend to discourage public discussion of artistic matters. So long as the facts are available to the public, the criticism is within the doctrine of fair comment. The Amen show was open to the public both before and after publication, and the facts upon which Mrs. Ahlander based her conclusions were readily accessible to any who wanted to test them.

Whether the article in question is fair comment and criticism on a matter of public interest is a question of law and the trial court was correct in not allowing the issue to go to the jury.[14] Evidence was introduced showing that the criticism had some factual basis and it does not matter that the jury could have disagreed with the conclusions drawn therefrom.[15] Thus, the only question which might have gone to the jury was whether the article was motivated by malice on the part of Mrs. Ahlander. But the record shows only innuendo and speculation which could not lead to a finding of malice. Since there was insufficient evidence on the issue to go to the jury, the court correctly directed a verdict for appellees.

Finally, appellant contends that the trial court erred in stating that he was bound by the testimony of Mrs. Ahlander, whom he called as an adverse witness. While this was error, it was harmless, for in actuality the court allowed appellant to cross-examine and attempt to rebut her testimony. In any case, even without Mrs. Ahlander's testimony there was insufficient evidence of malice to go to the jury.

Affirmed.

12. A. S. Abell Company v. Kirby, 227 Md. 267, 176 A.2d 340, 90 A.L.R.2d 1264 (1962); Cohalan v. New York Tribune, 172 Misc. 20, 15 N.Y.S.2d 58 (1939).

13. See Annotation, 90 A.L.R.2d 1279 and cases cited therein.

14. Sullivan v. Meyer, supra n. 3; Potts v. Dies, supra n. 1; Porcella v. Time, Inc., supra n. 5; Brewer v. Hearst Pub. Co., supra n. 2.

15. Cohalan v. New York Tribune, supra n. 12.