SAFE SITE, INC., Plaintiff,

v.

NATIONAL RIFLE ASSOCIATION OF AMERICA, Defendant.

Civ. A. No. 2120-64.

United States District Court
District of Columbia.

April 6, 1966.

John Purcell, Saginaw, Mich., admitted pro hac vice, for plaintiff.

Jo V. Morgan, Jr., Washington, D. C., for defendant.

GASCH, District Judge.

This matter came on for hearing on defendant's motion for summary judgment. From the pleadings, and evidentiary material supplied by respective counsel, and argument in open Court, it appears that the facts are as follows:

The defendant is a membership corporation with offices in the District of Columbia and is the owner and publisher of a magazine known as "The American Rifleman." The magazine is produced for the benefit of members of the association although it can also be purchased at newsstands. The plaintiff is a manufacturer of a device known as the "Safe Site Bore Scope." This device is designed to determine whether the bore of a gun is in proper condition.

A regular feature of "The American Rifleman" is a series of evaluations of recent products known as the "Dope Bag." In this section, recent products are described and commented upon. It appears that defendant maintains a staff of experts for the purpose of analyzing the recent products which are set forth. Defendant contends that the membership of the association has placed trust in the objective and impartial manner in which these experts analyze and evaluate recent products.

In the October, 1963, issue of "The American Rifleman," in the "Dope Bag" section, the following appeared:

"Bore Inspection Device Performs Poorly

"The Safe-Site Bore Scope is a device for making it easier to examine the bore of a gun that has a closed breech end. It is made of optical-grade plastic, and is supposed to permit a better view of the breech end of the bore. However, excessive distortion is present in the device and this prevents a clear view of the bore."

Plaintiff contends that the publication of such words constitutes libel and seeks to recover monetary damages. Defendant has moved for summary judgment.

 The Court is of the opinion that defendant's motion should be granted on the ground that the published remarks constitute fair comment. The fair comment privilege embraces criticism of matters of interest to the public, provided that such criticism is not motivated by malice. *Potts v. Dies*, 77 U.S.App.D.C. 92, 132 F.2d 734 (1942); *Brewer v. Hearst Publishing Co.*, 185 F.2d 846 (7th Cir. 1950). It has been demonstrated to the satisfaction of the Court that the "Dope Bag" contains matters of interest to the members of the association and other sportsmen. It does not appear that the comment is patently untrue,[1] or was predicated upon malice.[2] The Court finds that the published words constitute fair comment and were privileged.[3]

Defendant's position with respect to the issue of fair comment is further enhanced by the following, which is not disputed: After the comment in defendant's magazine, plaintiff's device was redesigned and the redesigned device was

---

1. Washington Times Co. v. Bonner, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393 (1936).

2. Potts v. Dies, supra.

3. Indeed, it may well be that in view of the nature of the "Dope Bag," defendant had a moral duty to truthfully report the findings of its experts on plaintiff's product. See Dickins v. International Brotherhood of Teamsters, 84 U.S.App.D.C. 51, 171 F. 2d 21 (1948).

granted a patent. The redesigned device is not subject to the comment to which plaintiff objects. The redesigned device performs properly and effectively and is not subject to the criticism of distortion. That plaintiff has seen fit to redesign its device *following* the criticism to which it now objects, and, further, that the redesigned device has now been patented by plaintiff would seem to indicate that this action has rendered this controversy moot; however, the Court does not predicate its decision upon this point, but on the points previously discussed respecting fair comment and the absence of malice.

Defendant's motion for summary judgment is granted. Counsel will prepare an appropriate order.