**Joseph J. URCIOLO and Phillie M. Urciolo, Appellants,**

**v.**

**Robert S. NASH, Appellee.**

**No. 3655.**

District of Columbia Court of Appeals.

Argued March 15, 1965.

Decided July 8, 1965.

Herman Miller, Washington, D. C., for appellants.

A. Slater Clarke, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellee was the holder of a second deed of trust note in the principal sum of $4,000 with interest at six per cent, payable in monthly installments of $40. The note provided that each installment, when paid, should be applied first to interest and the balance to principal. After the note had been paid in full, appellants brought this action to recover all interest paid thereon ($1,568.88), claiming that appellee had collected interest in violation of our usury statute. The trial court found that there had been an overcharge in interest of $7.67 but that the overcharge did not constitute usury. Appellants were given judgment for the overcharge.

Appellants' claim of usury arises from the fact that in many instances the monthly payments were made after their due date, and in these instances appellee would charge interest to the date of actual payment, but thereafter would calculate the interest from the preceding due date rather than from the date of payment. This overlapping of time resulted in the overcharge of interest of $7.67.

Our statute provides that in the absence of express contract, the rate of interest is six per cent,[1] but parties to an instrument in writing may contract for any rate not exceeding eight per cent.[2] It is also provided that if one contracts verbally to pay more than six per cent, or in writing to pay more than eight per cent, the creditor shall forfeit all interest so contracted to be received;[3] and that if one takes or receives a greater amount of interest than is lawful, the one paying it may within one year from payment recover such unlawful interest.[4]

Appellants contend that the legal rate of interest is six per cent, and that in order to legally charge more than six per cent, but not greater than eight per cent, there must be a contract in writing to that effect. From this they argue that appellee collected more than six per cent without a contract so providing, and thus the transaction was usurious.

The Code is very clear that the legal rate of interest on written contracts is eight per cent. Bowen v. Mount Vernon Sav. Bank, 70 App.D.C. 273, 105 F.2d 796 (1939). Here there was a written contract, and, although it provided for six per cent interest, it could have lawfully provided for eight per cent. The receipt by appellee of more than six but less than eight per cent was in violation of the terms of the contract, but it did not constitute usury.[5]

Affirmed.

1. D.C.Code 1961, § 28–2701 (now § 28–3302, Supp. IV, 1965).

2. D.C.Code 1961, § 28–2702 (now § 28–3301, Supp. IV, 1965).

3. D.C.Code 1961, § 28–2703 (now § 28–3303, Supp. IV, 1965).

4. D.C.Code 1961, § 28–2704 (now § 28–3304, Supp. IV, 1965).

5. Appellants rely heavily on Industrial Bank of Washington v. Page, 102 U.S. App.D.C. 33, 249 F.2d 938 (1957), but we find nothing therein contrary to our conclusion.