Harold R. OLINGER, Appellant,

v.

AMERICAN SAVINGS AND LOAN
ASSOCIATION, Appellee.

No. 21632.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1968.

Decided Feb. 19, 1969.

Messrs. Karl G. Feissner and Thomas P. Smith, Hyattsville, Md., with whom Mr. William L. Kaplan, Hyattsville, Md., was on the brief, for appellant.

Mr. Charles J. Steele, Washington, D. C., with whom Mr. John J. Carmody, Washington, D. C., was on the brief, for appellee.

Before DANAHER,* TAMM and LEVEN-THAL, Circuit Judges.

PER CURIAM:

This action was brought to recover damages stemming from an alleged libel, invasion of privacy, and malicious interference with peace of mind. The District Court granted appellee's motion for summary judgment. We remand solely on the libel theory.

The facts, viewed in the light most favorable to appellant, are as follows. Appellant, a career Air Force officer, was divorced from his wife in January 1966. By the terms of the decree, he was ordered to make support and alimony payments totaling $550 per month. A deed of trust, held by appellee, on the couple's former house in Maryland obligated both appellant and his former

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

wife. Subsequent to the divorce, however, the couple agreed orally that Mrs. Olinger would continue to live in the house and would keep up the payments on it.

After remarrying, appellant was transferred to Germany. Although he regularly made his support and alimony payments, the deed of trust payments fell into arrears. After several telephone conversations with the former Mrs. Olinger, appellee instructed the trustees to foreclose on the property. They so informed both appellant and his former wife and initiated the necessary legal proceedings. Upon receiving notification of the impending foreclosure, appellant, through his attorney, informed appellee that he would be willing to effectuate a friendly sale of the property. In subsequent conversations with appellant's attorney, appellee's representative (Lowery) accused appellant of leaving the country without providing for his family and of having adulterous relationships. He also stated his intention, based on the advice of a retired Air Force Colonel, to write a letter concerning these matters to appellant's commanding officer, though he conceded that the value of the property exceeded the balance due on the loan. Despite the attorney's objections, Lowery did write such a letter, the substance of which forms the basis of this action. It stated:

Dear Sir:

On or about November 8, 1962 then Major Harold R. Olinger and his wife Betty purchased property at 7526 Juliette Drive, Clinton, Maryland, at which time this Association placed a first trust in the amount of $18,450.00.

On or about January 7, 1966 Col. Olinger and Betty Olinger were divorced. Mrs. Olinger charged Col. Olinger with adultery. About this same time Col. Olinger was assigned to his present assignment in Germany and subsequently he remarried to a former employee who worked at Andrews Air Force Base where he was stationed.

For some unexplained reason, the attorney's [sic] for both parties did not require their clients to agree to property settlement. Mrs. Olinger reports that she has been receiving $550.00 per month, of which $150 was alimony and $100 for each of her four children. She was unable to carry the mortgage payments on the first trust in the amount of $150 per month plus second trust monthly payments reportedly to be $225.00. Mrs. Olinger reports that Col. Olinger is unwilling to permit her to sell the property and he will not keep the payments current on the first and second trust. Presently, the first trust is in default for 5 months.

We have been instructed by Col. McFarlan, retired, Field representative for the Mortgage Guarantee Insurance Corporation to so notify you of Col. Olingers' [sic] circumstances and for you to urge him to either grant his former wife the right and power to consummate a friendly sale or to voluntarily convey the aforesaid property back to this Association or to M.G.I.C. providing there are no other Junior liens beside the second trust.

It is with much reluctance we have seen fit to take these steps of writing to you, but foreclosure is imminent. This property may be sold within the next 30 days at public auction.

Sincerely
/s/ H. H. Lowery
Ass't Sec'y

Copies of the letter apparently were sent to an Air Force Personnel Office in Texas and to appellant's loan insurer in Wisconsin.

Appellant was called before his superior officers in Germany to account for the charges contained in the letter. The embarrassment and humiliation of this experience and of other comments and discussion regarding the letter allegedly aggravated appellant's pre-existing nervous condition, resulting in his hospitalization.

**144**

Although summary judgment was properly granted as to appellant's invasion of privacy and malicious interference theories, we conclude that the facts, viewed in this light, would support a verdict in appellant's favor on the libel theory.

■■ In this jurisdiction, a publication is considered defamatory "if it tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." [1] Appellee, while not here contesting the defamatory nature of the publication, has taken great pains to demonstrate the truth of each and every statement in the letter. Truth, of course, is a complete defense to a charge of libel.[2] It is clear, however, that at least one of the statements in the letter was "true" only because it was prefaced by "Mrs. Olinger reports that * * *." Appellant has asserted that he was willing to effectuate a friendly sale of the house and, indeed, that Lowery had been made aware of this intention. He further asserts that he and his former wife had reached an agreement whereby she was to keep up the payments on the house. Nonetheless Lowery's letter included the following recital: "Mrs. Olinger reports that Col. Olinger is unwilling to permit her to sell the property and he will not keep the payments current on the first and second trust."

■ The law affords no protection to those who couch their libel in the form of reports or repetition. In the first place repetition of a defamatory statement is a publication in itself, regardless whether the repeater names the source.[3] As a corollary, and more germane to the instant case, the repeater cannot defend on the ground of truth simply by proving that the source named did, in fact, utter the statement.[4] To quote the RESTATEMENT OF TORTS:

When one person repeats a defamatory statement which he attributes to some other person, it is not enough for the person who repeats it to prove that the statement was made by the other person. He must prove the truth of the defamatory charges which he has thus repeated.[5]

■ The statement in question contains two charges: (1) that appellant was unwilling to permit his former wife to sell the house, and (2) that he was not keeping the payments current on the first and second trusts. It is apparent that both charges are at least *capable* of defamatory meaning. It is for the jury to determine whether the statement was so understood by the recipients of the letter [6] and whether the charges it contains are, in fact, true.[7] Since these are genuine issues of material fact,[8] we remand for further proceedings not inconsistent with this opinion.

So ordered.

1. Afro-American Publishing Co. v. Jaffe, 125 U.S.App.D.C. 70, 75, 366 F.2d 649, 654 (en banc, 1966).

2. Curtis Publishing Co. v. Vaughan, 107 U.S.App.D.C. 343, 278 F.2d 23, cert. denied, 364 U.S. 822, 81 S.Ct. 57, 5 L.Ed. 2d 51 (1960); Sullivan v. Meyer, 78 U.S.App.D.C. 367, 141 F.2d 21, cert. denied, 322 U.S. 743, 64 S.Ct. 1145, 88 L.Ed. 1575 (1944); RESTATEMENT OF TORTS § 582 (1938); see Somerville v. Acacia Mut. Life Ins. Co., 80 U.S.App. D.C. 144, 149 F.2d 836 (1945); Potts v. Dies, 77 U.S.App.D.C. 92, 132 F.2d 734, cert. denied, 319 U.S. 762, 63 S.Ct. 1316, 87 L.Ed. 1713 (1942).

3. PROSSER, TORTS § 108, at 787 (3d ed. 1964); see 1 HARPER & JAMES, TORTS § 5.18, at 402-03 (1956); RESTATEMENT OF TORTS § 578 & comments b and c & illustration 4 (1938).

4. 1 HARPER & JAMES, TORTS § 5.20, at 417 (1956); RESTATEMENT OF TORTS § 582, comment d (1938).

5. Id.

6. See id. § 614(2).

7. Appellee, of course, has the burden of proving truth. Id. § 613(2) (a).

8. FED.R.CIV.P. 56(c).