**UNIVERSAL ACCEPTANCE COR-PORATION, Appellant,**

v.

**Frank MARZULLO and Jeanette Marzullo, Appellees.**

**No. 4911.**

District of Columbia Court of Appeals.

Submitted Nov. 4, 1969.

Decided Dec. 31, 1969.

Bernard T. Levin, Washington, D. C., for appellant.

Manuel Auerbach, Washington, D. C., entered an appearance for appellees but filed no brief.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a judgment rendered on stipulated facts reflecting the sale of a television set on credit. The contract price for the set was $971.12 and the "time difference" was $284.38. The appellees made payments on the account in the amount of $950.87, reducing the balance due on the note[1] to $304.63, the amount sought. The answer asserted the defense of usury. The trial court found for the appellees on their claim that the financing arrangement was usurious. We affirm the finding as to usury and modify the judgment to award appellant $20.25, the balance due on the contract price of $971.12.

---

1. The note and the conditional sales contract were executed November 27, 1964.

*See* D.C.Code 1961, § 28–2703 [2] (*see also* D.C.Code 1967, § 28–3303); and D.C.Code 1967, § 17–306.

The stipulated facts are that the appellees signed a conditional sales contract and promissory note for the purchase, installation (including the antenna), one year parts and labor guarantee, insurance, and finance charges on a television set.[3] The total amount of the promissory note was $1255.50. It was payable in 27 monthly installments of $46.50. The note was indorsed by the vendor and purchased by the appellant for $844.00. All transactions occurred on the date of sale. The trial judge found for appellees stating that "the preponderance of the credible evidence favors the defendants."

∎ The defense of usury is two-pronged. It attacks the original transaction as not bona fide and denies the assignee of the note the status of a holder in due course.[4] If support for the defense can be found in the stipulated facts and the judgment is not plainly wrong, we must affirm. D.C.Code 1967, § 17–305(a).

The formation of a conditional sales contract was thoroughly reviewed in Brooks v. Auto Wholesalers, D.C.Mun.App., 101 A.2d 255 (1953). The court stated the policy is "that a seller may * * * increase the price to compensate for the [real] risk [to him] that is involved in a credit sale." But whether the transaction was intended as a sale on credit or a mere cloak for usury is a question of fact. We there held that this question was resolved by a "close scrutiny [of] the arrangements between the dealer and the finance company". *Brooks, supra* at 258.

However, in *Beatty, supra* note 4, the United States Court of Appeals for the District of Columbia Circuit held that a note discounted 33⅓ per cent, secured by a conditional sales contract, executed on forms supplied by the assignee, and transferred by the seller to the assignee the same day it was executed "constituted a badge of fraud and made a *prima facie* showing of usury". Unlike *Beatty,* here there is no evidence of a credit investigation.

∎ Thus, *Beatty* recognizes that evidence of some of these or similar factors satisfies the necessity of a "close scrutiny" of a working relationship between the parties. This is consistent with the policy of allowing the seller to increase his cash price if *he* incurs additional expense by selling on credit. We hold that under the stipulated facts of this case, the working arrangement between the vendor and the appellant was tainted such that it bore a "badge of fraud" and, absent additional facts rebutting those stipulated, the trial judge's ruling must stand.[5]

That ruling, in effect, was that appellant, under the facts as stipulated, cannot be given the status of a holder in due

2. Section 28–2703 provided:
"If any person or corporation shall contract in the District, verbally, to pay a greater rate of interest than six per centum per annum, or shall contract, in writing, to pay a greater rate than eight per centum per annum, the creditor shall forfeit the whole of the interest so contracted to be received. * * * *"

3. From the stipulation the trial court might properly have concluded, absent additional facts to the contrary, that a "time difference" of $284.38 included only the "finance charges" and insurance, and not the other items. If that amount had been sufficiently reduced by the cost of these other items it might have brought the actual finance and related charge within the legal interest rate.

4. Beatty v. Franklin Investment Co., 115 U.S.App.D.C. 311, 319 F.2d 712 (1963).

5. We take the judge's statement relating to preponderance of credible evidence to mean that the weight to be given the stipulated facts favored the defendants.

course.[6] Those facts are deemed sufficient to give it notice of an infirmity in the instrument. Therefore, D.C.Code 1961, § 28–2705, protecting a holder in due course from a defense of usury, is of no avail to appellant. The finding of the trial court is

Affirmed and the judgment is modified consistent with this opinion.

6. D.C.Code 1961, § 28–402. Since the date of this transaction the Uniform Commercial Code has been enacted for the District of Columbia. *See* D.C.Code 1967, § 28:3–302 which in material aspects is the same as the previous enactment.