**Louise FULLER, Appellant,**

v.

**UNIVERSAL ACCEPTANCE CORPORATION, Appellee.**

**No. 4944.**

District of Columbia Court of Appeals.

Submitted Nov. 10, 1969.

Decided April 27, 1970.

---

Maribeth Halloran, Washington, D. C., for appellant.

No appearance for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

KELLY, Associate Judge.

In an amended answer to appellee's complaint for the balance due on a promissory note, the maker of the note alleged, *inter alia,* that the underlying transaction was usurious and counterclaimed for damages for breach of warranty, libel, and invasion of privacy. At the completion of the non-jury trial, the trial court found for appellee on both the complaint and the counterclaim without making any findings of fact or conclusions of law.[1]

At trial appellee entered into evidence a conditional sales contract, dated June 29,

---

1. The court stated that "[i]n accordance with a clear preponderance of the credible evidence, there is a finding for the plaintiff in the amount of $234.71. And the finding is for the original plaintiff on the counterclaim."

1967, evidencing appellant's conditional purchase of several items of furniture from Soul Bros. Furniture & Appliance, Inc. The following appeared on the face of the contract:

"3. Unpaid Balance -------- $300.00
4. Carrying Charge -------- $47.88
5. TIME PRICE ---------- $347.88
payable in 12 Monthly installments
* * *."

No cash price was listed in the contract. A promissory note also dated June 29, 1967, in which appellant promised to pay $347.88 to the order of Soul Bros., was attached to the bottom of the contract. Both documents were assigned to appellee the same day they were executed—June 29, 1967.

At trial appellee's office manager testified that there was no affiliation of officers or ownership between appellee and the payee of the note, that appellee paid $258 for the note and contract, that the balance due on the note was $234.71, and that a prior credit account with appellant had been paid in full. On cross-examination he said that at the time of the assignment appellee had been dealing with Soul Bros. for approximately six months; that appellee's financing arrangement with the seller required that appellee approve the maker's credit prior to the assignment, which would then be without recourse; and that there was no reserve fund arrangement between appellee and the seller. He further stated that the contract reflected a "finance charge" of $47.88, which he estimated to be about fifteen percent of the cash balance.

The argument on appeal is, among other things, that the amount of appellee's judgment should be reduced by the amount of the "finance charge" to reflect the forfeiture of usurious interest charges.

D.C.Code 1967, § 28–3303 provides that "[i]f a person or corporation contracts in the District * * * in writing, to pay a greater rate than 8 percent per annum, the creditor shall forfeit the whole of the interest so contracted to be received." Additionally, it is settled that a usurer cannot conceal his handiwork by avoiding the use of the term "interest".[2] In Beatty v. Franklin Investment Company, 115 U.S.App.D.C. 311, 313, 319 F.2d 712, 714 (1963), the United States Court of Appeals for the District of Columbia Circuit held that a note discounted at 33⅓ percent after the assignee had approved the maker's credit application and a conditional sales contract reflecting a $150 finance charge against a $301 cash balance, both executed on forms supplied by the assignee and assigned by the seller the same day that they were executed by the buyer "constituted a badge of fraud and made a *prima facie* showing of usury * * *."[3]

From the face of this contract, it is clear that appellant was charged $47.88 for the use of $300. Labeling the sum of $347.88 as the "time price" does not prevent a prima facie showing of usury because whatever the purpose of the "finance" or "carrying charge" it could not have been to compensate Soul Bros. for selling on time since the credit had been prearranged through appellee. "[The seller] simply received the balance of its cash price without any further responsibility and hence could hardly have contemplated an enlarged 'time price' sale when the contract was executed."[4] Thus there was sufficient undisputed evidence at trial to make a prima facie showing of usury.

2. *See, e. g.*, Beatty v. Franklin Investment Co., 115 U.S.App.D.C. 311, 319 F.2d 712 (1963) ; Searl v. Earll, 95 U.S.App.D.C. 151, 221 F.2d 24 (1954) ; Hill v. Hawes, 79 U.S.App.D.C. 168, 144 F.2d 511 (1944) ; Universal Acceptance Corp. v. Marzullo, D.C.App., 260 A.2d 90 (1969); Calvert Credit Corp. v. Williams, D.C. App., 256 A.2d 902 (1969) ; Russell v. Universal Acceptance Corp., D.C.App., 210 A.2d 834 (1965).

3. *See* Universal Acceptance Corp. v. Marzullo, *supra* n. 2.

4. Beatty v. Franklin Investment Co., 115 U.S.App.D.C. 311, 314, 319 F.2d 712, 715 (1963) (footnote omitted).

We have held that the defense of usury is two-pronged: attacking the original transaction as not bona fide and denying the assignee of the note the status of a holder in due course.[5] "After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he * * * is in all respects a holder in due course." D.C.Code 1967, § 28:3–307(3).

A review of the record indicates that appellee failed to establish that the complete transaction was not usurious. There was no showing that the "finance" or "carrying charge" was included to compensate the seller for an expense other than the price of a loan to enable appellant to make the purchase. "Assuming, without deciding, that a conditional sale [with a time price fee exceeding the legal interest rate] does not violate the usury statute, we hold that the transaction here involved does not fall in that category because * * * there was no 'time price' which included 'charges for insurance, financing and other related services for the privilege of buying on time rather than by cash.'" Beatty v. Franklin Investment Company, supra, at 314, 319 F.2d at 715. Because the trial court's judgment awarding appellee

the full balance due on the note depended upon a finding that appellee was a holder in due course, that judgment was in error insofar as it allowed appellee to recover the $47.88 "finance" or "carrying charge".[6]

Unfortunately, it is impossible to affirm a modified judgment for appellee consistent with this opinion because of the trial court's failure to make findings of fact and conclusions of law. We affirm the court's finding on appellant's counterclaim, inasmuch as the issue of whether appellant was libelled in a letter sent by appellee to her employer was one of fact and the finding for appellee is supported by the record.[7] Moreover, in our judgment the allegations that the trial court erred in not finding invasion of privacy and extortion on the counterclaim, or fraud on the original claim are not supported by the record. There remains, however, the defense of breach of warranty which we must assume was not considered by the court in light of appellee's presumed status as a holder in due course. Accordingly, we reverse for a new trial on that issue, as its resolution may further alter the amount of appellee's recovery on the note.

So ordered.

5. Universal Acceptance Corp. v. Marzullo, *supra* n. 2, 260 A.2d at 91; D.C.Code 1967, § 28:3–302(1) (c).

6. D.C.Code 1967, § 28–3303 has been interpreted as requiring forfeiture of all interest both lawful and unlawful. Searl

v. Earll, 95 U.S.App.D.C. 151, 156, 221 F.2d 24, 29 (1954).

7. *See* Olinger v. American Sav. & Loan Ass'n, 133 U.S.App.D.C. 107, 409 F.2d 142 (1969).