**Grace CARUSO, Appellant,**

v.

**Lloyd HOLLANDER, Appellee.**

**No. 9753.**

District of Columbia Court of Appeals.

Submitted Feb. 19, 1976.

Decided Aug. 17, 1976.

Alfred G. Graf, Washington, D.C., was on the brief for appellant.

No appearance and no brief for appellee.

Before FICKLING, NEBEKER and MACK, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from an order granting appellant's motion for summary judgment in an action upon a promissory note. The trial court ruled that the note was usurious and disallowed the amount of interest in excess of 8% per annum. Appellant's sole contention on appeal is that because a corporation is prohibited by statute from

pleading the defense of usury, appellee is precluded, as an individual guarantor for the corporate maker of the note, from asserting that the note is usurious. We affirm that part of the trial court's order granting appellant's motion for summary judgment on the note, but reverse the order of the trial court disallowing the amount of interest in excess of 8% per annum.

On May 1, 1967, appellee executed a promissory note on behalf of Boston Investment Corporation in favor of Mr. Benjamin E. Becker in the amount of $21,750, with interest at the rate of 4% per annum. Appellee indorsed the note "individually" on the reverse side as guarantor of the note. The principal and interest due on the note were payable in monthly installments of $250, and the entire balance of the note was due on December 5, 1967. The note provided that in the event of default or nonpayment at the date of maturity, "the maker agrees to pay the holder of this note Three (3%) per centum of the unpaid principal sum owing per month until paid."

The note was negotiated by indorsement and delivered to appellant on May 15, 1967. Appellant brought suit against appellee[1] on the note on April 10, 1972, alleging that appellee owed $21,520.77, with interest at the rate of 3% per month from November 8, 1967.[2] Appellee answered the complaint on October 16, 1972, generally denying liability on the note and asserting that the note was usurious.[3]

Appellant moved for summary judgment pursuant to Super.Ct.Civ.R. 56. The trial court granted appellant's motion for summary judgment, but ordered that the rate of interest on the note be reduced from 3% per month to 8% per annum from November 8, 1967, until the date of judgment. This appeal followed.[4]

■ Under D.C.Code 1973, § 28-3301, the maximum legal rate of interest on written contracts is 8% per annum.[5] *See Urciolo v. Nash*, D.C.App., 211 A.2d 769 (1965). Section 28-3303 provides that if the interest rate on a written contract exceeds 8%, the creditor shall forfeit the whole of the interest so contracted to be received.[6] *Fuller v. Universal Acceptance Corp.*, D.C.App., 264 A.2d 506 (1970); *Urciolo v. Nash, supra*. The forfeiture applies not only to the usurious excess, but also to the lawful interest included in the contract rate. *Beatty v. Franklin Investment Co.*, 115 U.S.App.D.C. 311, 319 F.2d 712 (1963); *Searl v. Earll*, 95 U.S.App.D.

---

1. The certificate of incorporation of the Boston Investment Corporation was revoked on September 9, 1968, pursuant to the District of Columbia Business Corporation Act, D.C.Code 1973, § 29-934b, for failure to file annual reports and pay all fees due.

2. Appellant alleged in her amended complaint that the only payments on the note were a payment of $250 on June 29, 1967, a payment of $250 on August 23, 1967, and a payment of $350 on January 31, 1968.

3. In a stipulation filed on February 14, 1975, appellee waived the statute of limitations as a defense.

4. Appellee's appeal from the trial court's order granting appellant's motion for summary judgment was dismissed on June 11, 1975, for failure to comply with D.C.App.R. 10.

5. D.C.Code 1973, § 28-3301, provides:
   [T]he parties to an instrument in writing for the payment of money at a future time may contract therein for the payment of interest on the principal amount thereof at a rate not exceeding 8 percent per annum.

   Under D.C.Code 1975 Supp., § 28-3309, the District of Columbia Council is authorized to exempt loans from the usury laws and to change the maximum legal rate of interest.

6. D.C.Code 1973, § 28-3303, provides in pertinent part:
   If a person or corporation contracts in the District,

   . . . . .

   (2) in writing, to pay a greater rate than is permitted under section 28-3301 . . . the creditor shall forfeit the whole of the interest so contracted to be received.

C. 151, 221 F.2d 24 (1954). Appellant concedes that the promissory note in this case is usurious, but argues that appellee is barred by statute from pleading usury as a defense.

■ Under D.C.Code 1973, § 29–904(h), a corporation may not avail itself of the defense of usury.[7] *See Indian Lake Estates, Inc. v. Ten Individual Defendants,* 121 U.S.App.D.C. 305, 350 F.2d 435 (1965), *cert. denied,* 383 U.S. 947, 86 S.Ct. 1199 (1966). Appellant contends that the foregoing statute precludes an individual defendant acting as guarantor on a corporate promissory note from asserting the defense of usury. The great majority of courts that have considered the issue hold that an individual guarantor is bound by the corporation's inability to plead usury as a defense. *E.g., Merchants Mortgage Co. v. Bogan,* 140 U.S.App.D.C 216, 434 F.2d 490 (1970) (applying Maryland law).

[I]t is now generally recognized that a statute withdrawing the defense of usury from a corporation applies also to individual guarantors, sureties, and indorsers on corporate obligations, so that they, as well as the corporation, are precluded from interposing usury as a defense. [Annot., 63 A.L.R.2d 924, 950 (1959).]

In this case, appellee guaranteed repayment of the loan and stands in no better position than the corporate maker of the note. Because the corporation is not allowed to plead the defense of usury, appellee is also precluded from asserting the defense.

*Affirmed in part and reversed in part.*

7. D.C.Code 1973, § 29–904(h), provides in pertinent part:
    Each corporation shall have power:

    . . . . .

    (h) . . . to borrow money at such rates of interest as the corporation may determine without regard to the restrictions of any usury law . . . . *No corporation formed hereunder shall plead any statutes against usury in any action.* [Emphasis supplied.]